IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| $31,000.00 IN U.S. CURRENCY, and | ) | |
| | ) | COMPLAINT IN FORFEITURE |
| $10,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES plaintiff, the United States of America, by Carole S. Rendon, Acting United States Attorney for the Northern District of Ohio, and Phillip J. Tripi, Assistant U.S. Attorney, and files this Complaint in Forfeiture, alleging on information and belief the following:

JURISDICTION AND INTRODUCTION

1. This Court has jurisdiction over this in rem proceeding pursuant to 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

3. The defendants $31,000.00 in U.S. Currency and $10,000.00 in U.S. Currency (hereinafter "defendant currencies") were seized on February 24, 2016. The defendant currencies are now in the possession of the federal government.

4. Subsequent to the seizure, the Drug Enforcement Administration (hereinafter "DEA") commenced administrative forfeiture proceedings against the defendant currencies. Claims to the defendant currencies were submitted in the administrative forfeiture proceeding by Taiwan Wiggins (hereinafter "Wiggins") and Dalante Allison (hereinafter "Allison"), necessitating the filing of this judicial forfeiture action.

5. The defendant currencies are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), because they constitute proceeds traceable to drug trafficking activities and/or was used or intended to be used to facilitate drug trafficking in violation of 21 U.S.C. §§ 841(a) and/or 846.

## FORFEITURE COUNT

6. On February 23, 2016, a member of the DEA Cleveland Transportation Interdiction Group received information regarding separate travel itineraries for Wiggins and Allison. They were both scheduled to depart Cleveland, Ohio, at 5:42 a.m. on February 24, 2016, on a flight to Orange County, California.

7. DEA learned that both Wiggins and Allison had previous felony drug arrests and convictions. DEA was aware that Wiggins was a significant drug dealer in the Cleveland area.

8. At approximately 4:50 a.m. on February 24, 2016, agents saw Wiggins and Allison in the lobby at the Cleveland Hopkins International Airport. Wiggins had one carry-on bag and one larger bag and Allison had one roller carry-on bag.

9. After obtaining their tickets, Wiggins and Allison walked together towards the Transportation Security Administration (hereinafter "TSA") security checkpoint while engaged in a conversation.

10. An agent observed the TSA x-ray monitor as Allison's carry-on bag passed through it. Based upon his training and experience, the agent observed that Allison's bag contained an item having organic mass consistent with bulk currency.

11. As Wiggins passed through the TSA security checkpoint, a DEA agent approached him, introduced himself as well as another member of his unit, and presented his credentials. Wiggins agreed to talk to the agents as Wiggins was continuing through the concourse towards his gate.

12. During the conversation, Wiggins claimed to own a company named "Wiggins Cleaning" but could not name any businesses that his company provided cleaning and construction services to, other than "Mike & Mike."

13. Wiggins stated he did not know how much money he makes a year, but was adamant that he makes a lot of money.

14. The DEA agent asked Wiggins if he was traveling with any bulk currency and Wiggins responded that he had $2,000 in a shoe contained in his bag.

15. Wiggins verbally consented to a search of his luggage. Agents found defendant $31,000.00 in U.S. Currency hidden behind the lining of the suitcase.

16. Wiggins claimed that the currency in his suitcase was earnings from his company, Wiggins Cleaning.

17. The DEA agent asked Wiggins his reason for traveling with such a large amount of currency.

18. Wiggins appeared startled by the discovery of the defendant currency and looked at the agents without responding to the question.

19. Wiggins claimed to be traveling alone, stated he was planning to get a hotel room after he arrived in California, and denied knowing Allison.

20. While agents were talking with Wiggins, Allison walked past and glared at the agents.

21. Approximately 10 minutes before his flight was due to depart, Allison entered a long line at the nearby Starbucks with at least fifteen people in front of him.

22. When the gate agent for the departing flight paged his name, Allison quickly jumped out of line, walked at a fast pace directly to the gate, hurriedly presented his ticket to the gate agent, and rushed down the jet way.

23. An agent for Homeland Security Investigations (HSI) asked the gate agent if she would ask Allison to come up from the jet way to speak with the agents.

24. When Allison arrived back to the departure gate area, the HSI agent displayed his credentials and asked if he could ask Allison a few questions. Allison verbally agreed to talk to the agents.

25. Allison acknowledged that he was traveling with currency.

26. Allison agreed to wait approximately five minutes to answer questions from the DEA agent, who was finishing a separate encounter with another passenger.

27. When the DEA agent approached Allison, Allison agreed to talk with him and verbally consented to a search of his carry-on luggage.

28. During that search, defendant $10,000 in U.S. Currency was found in a bundle inside a sock.

29. Allison claimed he obtained the money through gambling at a casino; however, he could provide neither the name of the casino nor the date on which the currency was obtained.

30. Allison stated he was employed at "Jay's Cleaning Service" and provided an address in Cleveland, Ohio for that business. Allison stated he earns $35,000 yearly and files taxes.

31. Allison claimed he was traveling alone, stated he was planning to get a hotel room after arrival in California, and denied knowing Wiggins.

32. A certified canine officer and his canine, "Kilo," conducted a blind test at the airport, during which the canine made positive alerts for the odor of narcotics on the separate boxes containing each of the defendant currencies.

33. The DEA seized the defendant currencies.

34. Wiggins has a drug-related criminal history which includes multiple arrests and the following conviction: Conspiracy to Possess with Intent to Distribute Cocaine Base, in the United States District Court for the Northern District of Ohio, on August 10, 2007, in Case No. 1:06CR594.

35. Allison has a drug-related criminal history which includes multiple arrests and the following convictions in the Cuyahoga County Court of Common Pleas: Trafficking in Drugs (two counts), on January 5, 2005, Case No. CR-4456385; Trafficking in Drugs, on May 31, 2006, Case No. CR-6477340; and Drug Possession, on September 29, 2014, Case No. CR-14583668.

36. DEA was unable to locate Jay's Cleaning at the address provided by Allison. Additionally DEA was unable to locate any business filings with the Ohio Secretary of State for Jay's Cleaning, Wiggins Cleaning, and Mike & Mike.

37. Wiggins and Allison have not filed state income tax returns for the tax years 2011 through 2015.

38. By reason of the foregoing, the defendant currencies are subject to forfeiture to the United States pursuant to the statutory authority set forth in paragraph 5 hereof.

WHEREFORE, plaintiff prays that this Court enter judgment condemning the defendant currencies and forfeiting them to the United States of America for disposition according to law and for such other relief as this Court may deem just and proper.

Respectfully submitted,

CAROLE S. RENDON
Acting United States Attorney

By: /s/ Phillip J. Tripi
Phillip J. Tripi
Reg. No. 0017767
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
Phone: (216) 622-3769
Fax:    (216)522-7499
Phillip.Tripi@usdoj.gov

## VERIFICATION

STATE OF OHIO        )
                     ) SS.
COUNTY OF CUYAHOGA )

I, Phillip J. Tripi, being first duly sworn, depose and say that I am an Assistant United States Attorney for the Northern District of Ohio, and one of the attorneys for the Plaintiff in this action. Under penalty of perjury I depose and say the foregoing Complaint in Forfeiture is based upon information officially provided to me and is true as I verily believe.

_____
Phillip J. Tripi
Assistant U.S. Attorney

Sworn to and subscribed in my presence this 23rd day of June, 2016.

_____
Notary Public

MELANIE KATE SANDS
Notary Public, State of Ohio
My Commission Expires May 6, 2020